# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

STEPHEN PAUL WALLACE, et al.,       )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )          No. 4:12-CV-704-SNLJ
                                    )
TRUST COMPANY OF OKLAHOMA, )
et al.,                             )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Stephen Paul Wallace for

leave to commence this action without payment of the filing fee pursuant to 28 U.S.C.

§ 1915.  Upon consideration of the financial information provided with the motion,

the Court finds that plaintiff is financially unable to pay any portion of the filing fee.

As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to

28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will

dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint

filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

## The Complaint

At the outset, the Court notes that the complaint caption reads, in part, as follows: "(1) Private Attorney General, ex rel; United States of America; (2) Lorice T. Wallace Estate, by and through Her Durable Power of Attorney, Stephen P. Wallace; (3) Stephen P. Wallace Estate, by Stephen P. Wallace; (4) And all those similarly situated." The complaint is signed, "Stephen P. Wallace, Private Attorney General."

To the extent that Stephen Paul Wallace is attempting to join the United States Attorney General as a party-plaintiff to this action, he has no right to do so. As such, the Court will strike the "Private Attorney General" as a plaintiff to this action.[1] Moreover, Stephen Paul Wallace, who apparently is not an attorney, may not bring a cause of action on behalf of the estate of his deceased mother, Lorice T. Wallace. *See Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005)(non-attorney administrator of estate could only proceed with legal representation; non-attorney may not engage in practice of law on behalf of others).

---

[1]The Court notes that in *Wallace v. Bruegge*, No. 4:11-CV-955-AGF (E.D. Mo.)(Doc. #8), plaintiff also attempted to join the United States Attorney General as a party-plaintiff. The Court informed plaintiff he had no right to do so and struck the "Private Attorney General" as a plaintiff to the action.

As such, the Court will strike Lorice T. Wallace Estate as a party-plaintiff to this action.  It is unclear if Stephen P. Wallace, who signed the complaint, is the same individual named in the  "Stephen P. Wallace Estate," and may properly bring an action on its behalf.  The Court notes that on page 2 of the complaint, the third plaintiff to this action is referred to as "Plaintiff Stephen P. Wallace & (Estate)."  The Court will assume *arguendo*, without deciding, that Stephen P. Wallace is bringing this action on his own behalf.  In addition, for the reasons set forth below, the Court will dismiss this action under 28 U.S.C. § 1915 (e)(2)(B).

Plaintiff states that he is invoking the jurisdiction of this Court pursuant to the Racketeer Influenced Corrupt Organizations Act of 1970, 18 U.S.C. § 1961, *et seq.* ("RICO"), Title 18 U.S.C. §§ 241 and 242, and the laws of the State of Missouri. The named defendants are Trust Company of Oklahoma, its Shareholders and Directors, F & M Bancorporation, its Shareholders and Directors, Robert T. Bruegge (attorney), Patrick J. Malloy, III (trust attorney), Ronald J. Saffa, and "John Does and Richard Roes."

Plaintiff alleges, inter alia, that (1) defendants conspired and converted the $40 million Wallace Family Estate "that was composed of unique and irreplaceable large commercial realty tracts and extensive oil and gas reserves"; (2) in 2003, Lorice died after defendants "covertly overdos[ed] [her] . . . with Depakote to induce her incapacity" and the estate's funds were "embezzled/confiscate[d]"; (3) the Honorable

-4-

Donald J. Stohr erred in dismissing *Wallace v. The Realty*, No. 4:03-CV-482-CAS (E.D. Mo.), on July 8, 2003, and the Honorable Charles A. Shaw "erred in perpetuating the case"; (4) defendant Bruegge conspired "to compound interstate fraud"; (5) defendants colluded with Patrick J. Malloy III to file an involuntary bankruptcy case in Tulsa in January 2002, "sanitizing/destroying/tampering will all the pleadings" in a "Western District bankruptcy case"; (6) Judge Shaffer colluded with Robert Mitchell, counsel for the Wallace Family Trust, "to dismiss the case with prejudice . . . and then had the entire court file destroyed upon notice that Stephen P. Wallace had survived his wrongful incarceration & attempted murder and had secured domicile in St. Louis"; and (7) Saffa and "TCO" perpetuated their "holocaust plan of action upon plaintiffs for over 12 years in all Oklahoma state & federal courts."

## Discussion

### A.  RICO claims

A plaintiff who brings suit under RICO must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  In the instant action, plaintiffs' allegations, most of which are wholly conclusory and incoherent, simply fail to state a RICO claim.  Plaintiff offers no facts plausibly connecting defendants to a criminal racketeering enterprise. *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action

that are supported by mere conclusory statements are not entitled to the assumption of truth).

**B.  Claims under 18 U.S.C. §§ 241 and 242**

Title 18 U.S.C. §§ 241 and 242 are criminal statutes that prohibit violations against an individual's federal constitutional rights.  Private rights to enforce federal statutes are found only when "the statute manifests an intent 'to create not just a private *right* but also a private *remedy*.'"  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)(emphasis in original).  There is no indication that Congress intended to create a private right of action for the violation of §§ 241 and 242, and therefore, plaintiff lacks standing to bring a complaint for defendants' alleged violation of these criminal statutes.  *See Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989)(only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir. 1987)(§ 241 does not provide for private cause of action).  Moreover, the initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion.  *See Ray v. United States Dept. of Justice*, 508 F.Supp. 724, 725 (E.D.Mo. 1981); 28 U.S.C. § 547(1).

**C.  Pendent State Claims**

Because plaintiff's federal claims will be dismissed, any and all remaining pendent state claims should be dismissed, as well.  *See* 28 U.S.C. § 1367(c)(3);

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Private Attorney General, ex rel United States of America, Lorice T. Wallace Estate, by and through her durable power of attorney, Stephen P. Wallace, Stephen P. Wallace Estate, by Stephen P. Wallace, and All those similarly situated v. Trust Company of Oklahoma, its Shareholders and Directors, F & M Bancorporation, its Shareholders and Directors, Robert T. Bruegge, Patrick J. Malloy, III, Ronald J. Saffa, and John Does and Richard Does.*

**IT IS FURTHER ORDERED** that Private Attorney General, ex rel United States of America and Lorice T. Wallace Estate, by and through her durable power of attorney, Stephen P. Wallace shall be **STRICKEN** as party-plaintiffs in this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and

fails to state a claim upon which relief can be granted.   *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining motions are  **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>18th</u> day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE